```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. 13 CR 288-2
                             )
GREGORY CHESTER,             )
                             )
          Defendant.         )
```

MEMORANDUM ORDER

On August 8, 2013 this Court granted the motion filed on behalf of defendant Gregory Chester to substitute retained counsel Lawrence s. Beaumont ("Beaumont") for federal defender Kent Carlson as Chester's lawyer in this criminal prosecution. At that time this Court expressed its view that it seemed appropriate to require that the government be reimbursed for the amount paid or payable to attorney Carlson for his services under the Criminal Justice Act, 18 U.S.C. § 3006A ("Section 3006A"). When attorney Beaumont responded that the funds required to retain him had been provided not by Chester himself but by his family and close friends (that was the terminology employed in the motion prepared by attorney Beaumont), this Court expressed its further view that reimbursement would nonetheless seem to be called for as a matter of fairness and that research ought to be done on the issue.

This Court has since looked into the matter, and it has located our Court of Appeals' opinion in United States v.

Standiford, 148 F.3rd 864, 870 (7th Cir. 1998) -- an opinion that is on all fours and that supports this Court's view set out in the preceding paragraph of this memorandum order. According to Standiford, id., such reimbursement is not properly imposed under the circumstances here as part of a criminal defendant's sentence -- it is instead "an independent civil liability imposed by the court pursuant to 18 U.S.C. § 3006A(f)," a holding that is compelled by "the plain wording of the statute."

What is not expressly treated in Standiford is the source of reimbursement (remember that Chester asserts his own financial inability to pay, an inability that had been the basis of the CJA appointment of attorney Carlson). In this Court's opinion, however, that should pose no problem. When funds became available for Chester's benefit through the good offices of his family and friends, this Court believes that reimbursement of the government was the first order of business -- the first call on those funds -- even before paid counsel Beaumont could be retained.

Accordingly, this Court orders that reimbursement be made by Chester or, absent an ability to pay on his part, by those who retained attorney Beaumont on his behalf. Moreover, if a problem is perceived to exist as to this Court's jurisdiction to order such payment by nonparties, it would seem that attorney Beaumont

2

should bear responsibility for funds that have been paid to him but that by right should go to the government.

_____
Milton I. Shadur
Senior United States District Judge

Dated: August 12, 2013