# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 CR 288-2 |
| LANCE DILLARD, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On August 14, 2014 this Court granted the motion of defense counsel Matthew Madden ("Madden") to withdraw from his representation of defendant Lance Dillard ("Dillard"), based on this representation by attorney Madden:

> In recent weeks, communications between Mr. Dillard and counsel have revealed certain issues that counsel believes create a clear and irreconcilable conflict-of-interest in any further representation of Mr. Dillard.

Before that withdrawal, Madden had handled Dillard's trial in which a jury found him guilty of the three counts with which he had been charged. And post-trial Madden had filed both a Fed. R. Crim. P. ("Rule") 29(c) motion for a judgment of acquittal and a Rule 33(a) motion for a new trial.

This Court's October 9, 2014 memorandum order ("Order") first explained, though it did not seek to justify, the reasons for this Court's oversight in having failed to rule on those motions (as it had intended to do), and the Order then went on to invite input from government counsel and Dillard's new counsel as to the appropriate handling of an ineffective-assistance-by-counsel claim that Dillard had asserted in the interim in a pro se letter dated September 24. Now the

designated October 23 date for such input has come and gone without the docket reflecting the filing of any further submissions from either side. Accordingly this opinion will first address the two post-trial motions, then turn to the question posed by the October 9 Order.

As for the Rule 29(c) motion, it contends that the proof at trial was inadequate both (1) to show that Dillard knowingly agreed to participate in a conspiracy to distribute narcotics and (2) to show that he in fact distributed narcotics. It focuses in particular on the need for voice identification of the cooperating individual who was unavailable to testify for the most conclusive of all possible reasons -- he had been murdered. But that argument fails because the voice identifications presented by the government at trial were more than ample to allow a factfinding jury to credit the identification testimony and then, in turn, to tie Dillard to the conduct revealed by the recorded conversations and other compelling evidence. Hence the Rule 29(c) motion is denied.

As for the Rule 33(a) motion, the government's thorough July 18 response to Dillard's two post-trial motions is totally convincing as to (1) the absence of improper gang evidence at trial (Response at 6-10), (2) the propriety of the government's introduction of a text message sent by the now-deceased cooperating witness (id. at 10-16), (3) the introduction of evidence as to how Dillard and his co-defendant Gregory Chester used the proceeds of their sales of heroin made on June 1 and June 9, 2011 (id. at 16-17) and (4) the forfeiture of any objection to the admission of evidence of a 49 gram heroin transaction on June 1, 2011 (id. at 18-19).[1]

---

[1] In addition, the government correctly points to the clear relevance of that evidence in proving Dillard's involvement in the drug conspiracy (id.). So even if the introduction of that evidence without a limiting instruction was erroneous (a dubious premise, given this Court's stated willingness to give one and counsel's failure to request one when the time came), any possible error in that respect was harmless in light of the overwhelming evidence of Dillard's guilt of the charged conspiracy.

So both of the post-trials motions advanced by Madden on Dillard's behalf are denied. And that clears the way for determining the most appropriate treatment of Dillard's pro se attack on the adequacy of Madden's representation.

On that score the United has States filed an October 14 response to Dillard's pro se September 24 letter. As that government response has correctly pointed out, Dillard offered no particulars -- just a generalized ipse dixit -- in support of his contention. Nor has Dillard even sought to cure that flaw since the government responded.

Even apart from the potential technical difficulties that were identified in the October 9 Order, the government's position is unimpeachable. Hence Dillard's sentencing will go forward on December 2, 2014 in the regular course of events. If he has a viable (or even colorable) claim of a constitutional deprivation, a later-filed 28 U.S.C. § 2255 motion will provide the appropriate vehicle for relief.

                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: October 24, 2014